FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2011 APR 14 PM 1:50
CLERK C. Roberts
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| MARIANNA LIDLOW, ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION NO.: CV210-135 |
| MICHAEL J. ASTRUE, ) Commissioner of Social Security, ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Marianna Lidlow ("Plaintiff") filed an application for Disabled Widow's Benefits ("DWB") on June 27, 2005 alleging disability since January 14, 1994 due to clinical depression, back pain, and chronic fatigue.[1] (R. 58-62). After her claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. (R. 50). On May 28, 2008, Administrative Law Judge William Davenport ("ALJ") held a hearing at which Plaintiff testified. (R. 712-739). The ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act, and, therefore, was not eligible for Disability Insurance benefits and SSI payments. (R. 13-25). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (R. 4-7).

---

[1] Plaintiff has not worked since 1994, but her administratively imposed onset date is February 26, 2000, based on administrative *res judicata* from a prior decision from February 25, 2000, which was not appealed. (R. 16).

AO 72A
(Rev. 8/82)

Plaintiff contests the ALJ's decision. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled, or, in the alternative, to remand this case for further consideration of the evidence. Defendant asserts the Commissioner's decision should be affirmed.

## ALJ'S FINDINGS

In order to qualify for DWB benefits, one must be a minimum of 50 years old and the widow/widower of a person who died fully insured. 20 C.F.R. § 404.335. The individual must also be found disabled within seven years of the date of their spouse's death or seven years after one last drew parent's benefits, whichever is later to qualify. 20 C.F.R. § 404.335(C)(1)(2)(3)(4). Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

Pursuant to the Act, the Commissioner employs a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the plaintiff is not engaged in such activity, then the second inquiry asks whether the claimant has a medically severe impairment or combination of impairments. Id. at 140-41. If the claimant's impairment or combination of impairments is not "severe," then disability benefits are denied. Id. at 141. If the claimant's impairment or combination of

impairments is severe, then the evaluation proceeds to step three. The third step requires determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, subpt. P. App. 1; Yuckert, 482 U.S. at 141. If the impairment meets or equals one of the listed impairments, then the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141. If the impairment does not meet or equal one of the listed impairments, then the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing her past relevant work. Id. If the claimant is unable to perform her past relevant work, then the final step of the evaluation process determines whether she is able to perform other work in the national economy, considering her age, education, and work experience. Id. at 142. Disability benefits will be awarded only if the claimant is unable to perform other work. Id.

In the case *sub judice*, the ALJ determined that Plaintiff had attained the age of 50 and was the unmarried widow of a deceased insured worker. (R. 18). He found the prescribed period of insurance ended on September 30, 2007. (R. 18). The ALJ determined that Plaintiff has not engaged in substantial gainful activity since the alleged onset date. (R. 19). At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: mild depression and back pain due to arthritis. (Id.). At step three, the ALJ determined that Plaintiff's medically determinable impairments were not severe enough to meet or medically equal a listed impairment. (R. 21). The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform: "the full

AO 72A
(Rev. 8/82)

3

range of light work as defined in 20 CFR 404.1567(b). The claimant is best suited for lower stress work which does not require prolonged long term interpersonal interaction of more than a short period to [sic] time for each occurrence." (R. 22). At step four, the ALJ found that Plaintiff retained the functional capacity to return to her past relevant work as a receptionist. (R. 24).

## ISSUES PRESENTED

Plaintiff asserts the ALJ erred in the following ways:

I. The ALJ failed to follow the treating physician rule.

II. The ALJ's failed to properly evaluate Plaintiff's credibility.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F. 2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard

requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

Plaintiff contends the ALJ incorrectly discounted the opinion of Plaintiff's treating psychiatrist, Dr. Stewart.

The law in this circuit is well established that the ALJ must accord the opinions of treating physicians with substantial or considerable weight. Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988). Absent a showing of good cause to the contrary, the ALJ cannot discount a treating physician's opinions. Id. "Good cause" is a fairly broad standard and the Eleventh Circuit has recognized its existence in three sets of circumstances. The first circumstance exists where the opinion of the treating physician is accompanied by no objective medical evidence, is wholly conclusory, or is contradicted by the physician's own treatment notes. Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); see also Phillips v. Barnhart, 357 F.3d 1232, 1240-41 (11th Cir. 2004). The second circumstance exists where the "treating physician's opinion was not bolstered by the evidence." Phillips, 357 F.3d at 1241. Finally, the ALJ can find good cause to discount the treating source opinion where the "evidence supported a contrary finding" from that of the treating source. Id.; see also Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

However, where medical evidence does not conclusively counter the treating physician's opinion, and no other good cause is presented, the ALJ cannot discount the treating doctor's opinion. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1986). If the ALJ decides to discount the opinion of the treating physician, he must "clearly articulate" his reasons for doing so. Phillips, 357 F.3d at 1241. The ALJ must make clear the weight accorded to each item of evidence and the reasons for the decision so that the reviewing court may determine whether the decision is based on substantial evidence. Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981).

Diane Stewart, a treating physician at Gateway Mental Health, completed a Psychiatric/Psychological Impairment Questionnaire on April 29, 2008. (R. 203-210). Dr. Stewart noted that Ms. Lidlow had been treated at the facility since July 2006 and most recently by her on April 1, 2008. (R. 203). Plaintiff was seen on a monthly basis. Dr. Stewart diagnosed major depressive disorder with a Global Assessment of Functioning ("GAF") score of 60 to 65.[2] Clinical findings included sleep disturbances, mood disturbances, emotional lability, anhedonia or pervasive loss of interests, feelings of guilt/worthlessness, difficulty thinking or concentrating, social withdrawal or isolation, blunt, flat, or inappropriate affect, and decreased energy. (R. 204). Plaintiff's primary

---

[2] Under the DSM-IV-TR, "[t]he GAF scale is divided into 10 ranges of functioning. Making a GAF rating involves picking a single value that best reflects the individual's overall level of functioning." DSM-IV-TR at 32. "In most instances, ratings on the GAF Scale should be for the current period (i.e., the level of functioning at the time of the evaluation) [.]" Id. at 33. A GAF score in the range of 51-60 indicates "moderate symptoms (e.g. flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (e.g. few friends, conflicts with peers or coworkers)." Id. at 32. A GAF score between 61 and 70 reflects some mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships. Id.

symptoms were unresolved grief, depression, isolative behaviors, difficulty concentrating and focusing, crying spells, and anhedonia. (R. 205).

Dr. Stewart opined that Plaintiff was markedly limited in: (1) her ability to maintain attention and concentration for extended periods; (2) her ability to work in coordination with or in proximity to others without being distracted by them; and (3) her ability to complete a normal work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (R. 206-207). Dr. Stewart also found that Ms. Lidlow was moderately limited in her ability to: (1) remember locations and work-like procedures; (2) understand, remember, and carry out detailed instructions; (3) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerance; (4) sustain ordinary routine without supervision; (4) make simple work related decisions; (5) interact appropriately with the general public; (6) ask simple questions or request assistance; (7) accept criticism and respond appropriately to criticism from supervisors; (8) get along with co-workers or peers without distracting them or exhibiting behavioral extremes; (9) respond appropriately to changes in the work setting; (10) travel to unfamiliar places or use public transportation; and (10) set realistic goals or make plans independently. (R. 206-208).

Dr. Stewart also found that Plaintiff experienced episodes of deterioration or decompensation in work or work-like settings that caused her to withdraw from that situation and/or experience exacerbations of signs and symptoms with stress that made it difficult for her to get out of bed. (R. 208). Dr. Stewart found Plaintiff incapable of handling low stress work. (R. 209). Dr. Stewart estimated that Plaintiff would be absent

from work, on average, more than three times a month as a result of her impairments and treatment. (R. 210).

The ALJ stated he was discounting Dr. Stewart's opinion "because that's impossible . . . , because the claimant's GAF of 60-65 shows mild depression. All the claimant's mental health records say she's either had an adjustment disorder . . . or GAF 60s mild depression." (R. 24). The ALJ observed, "Dr. Stewart diagnosed the claimant with major depressive disorder, financial problems, family stress and grief. She stated that the claimant's current global assessment of functioning was 60-65 and over the past year was 60-65. Of course this is an exercise is [sic] of self contradiction by the good doctor and cannot be credited."

"[T]he Commissioner has declined to endorse the GAF scale for 'use in the Social Security and SSI disability programs,' and has indicated that GAF scores have no 'direct correlation to the severity requirements of the mental disorders listings.' " Wind v. Barnhart, 133 Fed. App'x. 684, 692 n. 5 (11th Cir.2005) (citing 65 Fed. Reg. 50746, 50764-65). The ALJ's determination that the GAF score did not correspond with Dr. Stewart's conclusions does not constitute good cause for rejecting her diagnosis. Moreover, the record shows Plaintiff has been diagnosed with major depressive disorder on multiple occassions, so the ALJ's statement that all of Plaintiff's mental health records indicate she only had an adjustment disorder or mild depression, and not major depression is inaccurate. (See R. 552, 557, 580). Dr. Stewart's opinion is not wholly conclusory, and it is supported by objective medical evidence. The ALJ failed to show good cause for discounting the opinion of Plaintiff's treating physician.

It is unnecessary to address Plaintiff's remaining enumeration of error at this time.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

So **REPORTED** and **RECOMMENDED**, this 14th day of April, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE